# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Matthew W. Sherman,
    Petitioner

vs.                                      Case No. 1:02cv824
                                          (Spiegel, J.; Hogan, M.J.)

Patrick Hurley,
    Respondent

## REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition and respondent's "Answer and Return of Writ." (Docs. 1, 4).

### Procedural Background

    On August 4, 1999, petitioner was indicted by the Clermont County, Ohio, grand jury on one count of aggravated robbery as defined in Ohio Rev. Code § 2911.01(A)(3), one count of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(2), and one count of grand theft as defined in Ohio Rev. Code § 2913.02(A)(1). (Doc. 4, Ex. 2). On September 3, 1999, petitioner entered guilty pleas to the aggravated robbery and felonious assault counts in exchange for dismissal of

the grand theft charge. (*Id.,* Ex. 3). On October 12, 1999, petitioner was sentenced to consecutive terms of imprisonment of eight (8) years for the aggravated robbery offense and six (6) years for the felonious assault offense. (*Id.,* Ex. 6). The sentencing entry was amended on November 10, 1999 to correct a typographical error. (*Id.,* Ex. 7).

With the assistance of counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 9). He alleged as the sole assignment of error that the trial court erred "when it entered a judgment of conviction and sentenced the Defendant to separate and consecutive terms for the offenses which were allied offenses of similar import, in violation of the Ohio Revised Code Section 2941.25 and . . . the state and federal prohibitions against the imposition of multiple punishments as [set] forth in the double jeopardy clauses of the Ohio and U.S. Constitutions." (*Id.,* Ex. 10). On May 7, 2001, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment. (*Id.,* Exs. 12-13).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. Instead, over ten months later, on March 18, 2002, he filed pro se a notice of delayed appeal and motion for leave to file a delayed appeal with that court. (*Id.,* Exs. 14-15). As justification for his delay in filing, he averred that he has "limited knowledge of legal matters" and "was not on [his] own able to identify" the time requirements for filing a timely appeal to the Ohio Supreme Court. (*Id.,* Ex. 15, ¶ 6). He further averred that his appointed counsel on direct appeal never told him about filing an appeal to the Ohio Supreme Court and that he "first became aware of the appeal [remedy] when [he] went to the Law Library at Ross Correctional Institution and read the Ohio Rules of Court on February 1, 2002." (*Id.,* ¶¶ 8-9). On April 17, 2002, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the cause of action without opinion. (*Id.,* Ex. 16).

The instant petition for writ of habeas corpus was signed by petitioner on May 8, 2002, but was not stamped as "filed" with the Court until October 25, 2002. (Doc. 1).[1] In the petition, petitioner alleges as the sole ground for relief the same claim that he presented to the Ohio Court of Appeals on direct appeal. (Doc. 1, p. 5 & attachment).

---

[1]The case was initially filed in the Eastern Division of the Southern District of Ohio. The case was transferred to this Court on October 30, 2002. (*See* Doc. 2).

2

As an initial matter, respondent contends in the return of writ that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 4, Brief, pp. 5-9). This Court agrees with respondent to the extent that (1) under § 2244(d)(1)(A), the statute of limitations began to run the day after petitioner's conviction became "final" on June 21, 2001 (the date the 45-day period expired for filing a timely appeal to the Ohio Supreme Court), see Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio; see also Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000); and (2) the statute ran for 268 days before it was tolled by the filing on March 18, 2002 of petitioner's motion for leave to file a delayed appeal in the Ohio Supreme Court. The Court disagrees, however, with respondent's contention that the statute began to run again on April 17, 2002, when the Ohio Supreme Court denied his motion for delayed appeal. (*See* Doc. 4, Brief, p. 8).

Pursuant to the Sixth Circuit's en banc decision in *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 124 S.Ct. 2388 (2004), "the statute of limitations is tolled [under 28 U.S.C. § 2244(d)(2)] from the filing of an application for state post-conviction or other collateral relief until the conclusion of time for seeking [United States] Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." Therefore, under the authority of *Abela,* the statute of limitations remained tolled until July 16, 2002, when the ninety-day period expired for filing a petition for writ of certiorari with the United States Supreme Court from the Ohio Supreme Court's April 17, 2002 order denying petitioner's motion for delayed appeal.

The statute began to run again on July 17, 2002 and expired 97 days later on October 21, 2002, only a few days before the instant petition was officially stamped as "filed" on October 25, 2002. Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing. However, given the closeness of the question and absent evidence to the contrary, the Court assumes that the petition, which was signed in May 2002, was delivered to prison authorities and thus

3

"filed" before the statute of limitations expired on October 21, 2002.

Accordingly, the Court will proceed to address the claim alleged as the sole ground for relief in the petition in light of respondent's remaining arguments asserted in the return of writ.

## OPINION

### A. Petitioner Has Waived His Claim For Habeas Corpus Relief Due To His Procedural Default In The State Courts

In the return of writ, respondent argues that petitioner has waived his claim for federal habeas corpus relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court. (Doc. 4, Brief, pp. 9-12).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest

4

court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court. Although petitioner attempted to obtain a delayed appeal before that court, the Sixth Circuit has held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d. 494, 497(6th Cir.) (per curiam), *cert. denied,* 125 S.Ct. 506 (2004). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claim for relief is not addressed on the merits by this Court. Moreover, he has failed to establish "cause" for his procedural default in the state courts. Petitioner did argue to the Ohio Supreme Court that he was unable to file a timely appeal due to his "limited knowledge" of the law and unawareness of the remedy of an appeal and the time requirements for filing a timely appeal to the Ohio Supreme Court. (Doc. 4, Ex. 15). However, none of these arguments establish cause to excuse petitioner's procedural default. In *Bonilla,* 370 F.3d at 498, the Sixth Circuit specifically rejected similar arguments for "cause" as follows:

> First, [petitioner's] pro se status before the Ohio Supreme Court is insufficient to establish cause to excuse his procedural default. *See Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995). Second, [petitioner's] ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default. *See id.* . . .

Accordingly, the Court concludes that petitioner is not entitled to habeas corpus

5

relief because he has waived his sole claim for relief due to his procedural default in failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's ground for relief alleged in the petition, which this Court has concluded is waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/7/05
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\02-824denypet.waiv-delappOhSCt.wpd

---

[2]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Matthew W. Sherman,
    Petitioner,

    v.

Patrick Hurley,
    Respondent.

Case No. 1:02cv824
(Spiegel, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Matthew Sherman<br>#382731<br>Ross Corr. Inst.<br>P.O. Box 7010<br>Chillicothe, OH 45601 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1410 1633 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:02cv824    doc.#7